Nancy CLARK, Plaintiff-Appellee,

v.

The KROGER COMPANY, an Ohio corporation, Defendant-Appellant.

No. 15969.

United States Court of Appeals Seventh Circuit.

July 27, 1967.

Samuel A. Fuller, Terence L. Eads, Stewart, Irwin, Gilliom, Fuller & Meyer, formerly Murray, Stewart, Irwin & Gilliom, Indianapolis, Ind., for appellant.

William R. McCain, Kokomo, Ind., for appellee.

Before SCHNACKENBERG, KNOCH and FAIRCHILD, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

The Kroger Company, an Ohio corporation, defendant, has appealed from a judgment of the district court entered in an action brought by Nancy Clark, plaintiff, for false imprisonment and slander.

The case was tried by the court, without a jury.

There was evidence tending to prove the following facts:

Plaintiff, a married lady living in Indianapolis, Indiana, on September 19, 1964 was shopping in defendant's grocery store in that city. It was defendant's policy to have the store manager, Bernard A. Letsinger, Jr., pick people at random and question a person so selected as a matter of routine at the checkout counter, as if he had stolen a "commonly pilfered item"; that this was on the instructions of "their detective agents" and also to deter shoplifting.

After plaintiff finished her shopping, she went into the checkout line and waited her turn. When an employee was ringing up plaintiff's groceries, the manager said to plaintiff "Don't you want those Marlboro cigarettes?" Plaintiff responded, "I stopped smoking six months ago, and I am not about to start again." After she paid for the groceries the manager said that he would see her

outside. As she cleared the door to the outside of the store, the manager stood in her way and stopped her, saying in a very forceful manner, "Follow me." She did so and was taken to a back room. Although she repeatedly asked what was wrong, he said "I'll tell you later. You follow me."

She was in the back room about 20 minutes. The manager "kept interrogating" her about "where the cigarettes were" and "there was another girl there." Plaintiff wore slacks and a blouse, without pockets. She opened her purse and asked the manager to see if he could find any cigarettes there. As she came out of the back room with tears in her eyes, there were many people around. On that day, plaintiff neither handled cigarettes nor stole anything.

Testifying for defendant was Nola Andrews, its head cashier at that time and place. On cross-examination she stated that from what went on in her sight and hearing, she thought that "they thought possibly she might have taken some cigarettes."

Plaintiff testified that when she was told to follow the manager, she asked "What is wrong?" and he said that he would tell her later and directed her to follow him. He led her to a back room through folding doors and he then said "All right. Now, where are those Marlboro cigarettes I saw you looking at?", to which she replied "I don't know what you are talking about." She opened her purse and showed it to the manager and he said "We don't search people." Thereupon the manager said: "We have detained this woman long enough" and he had a stockboy push her cart out. Plaintiff was still crying and "choked up", and she got in her car and drove to her husband's place of business. She was then hysterical and in tears.

Plaintiff's husband testified that he drove to the defendant's store and talked with the manager, who finally said there was no reason to pick her up—just a routine matter—and that the manager said "they choose a person at random at the checkout counter and questioned them as if they had stolen an item, commonly pilfered item", that the reason was to deter shoplifting.

For the defense, Manager Letsinger testified that he saw plaintiff handling a carton of cigarettes at the cigarette stand and saw her put it in her cart. He testified that he asked plaintiff, "How about the cigarettes?" and she said she did not have any cigarettes, that she had quit smoking, whereupon he said, "I will see you outside." He further testified that he went to the office and told Mrs. Andrews to follow him outside, where he went, after plaintiff checked out, He asked if he could check her order and she was agreeable. He then led plaintiff and Mrs. Andrews to a side [sic] room and asked about cigarettes again.

He further testified on cross-examination that defendant permitted the taking of people out of the line at random and asking their permission to check their baskets or purchases, if he was suspicious. On redirect examination the manager stated he was suspicious of plaintiff because he had seen her placing a carton of cigarettes in her cart, but she did not have those cigarettes when she arrived at the checkstand.

The court made findings of fact and conclusions of law, which in substance included the following:

██ Defendant's manager falsely arrested and imprisoned plaintiff and, in the presence of Mrs. Andrews, a cashier, slandered plaintiff in that he falsely accused her of stealing cigarettes from the store; that the imprisonment and slander were without justification, and that as a proximate result thereof plaintiff suffered damage in the sum of $5,000 and became entitled to recover punitive damages in a similar amount.

The court entered judgment accordingly against defendant for $10,000 and costs.

We hold that the record sustains the district court's findings in favor of plaintiff on the charge of false imprisonment

under count I, as well as its findings in her favor on the charge of slander under count II. We therefore affirm the judgment from which this appeal was taken.

Judgment affirmed.